## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TAVISH GODDARD,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 5:25-cv-318-MTT-CHW** |
| | : | |
| **Warden JACOB BEASLEY,** | : | |
| | : | |
| **Respondent.**[1] | : | |
| | : | |

## <u>ORDER</u>

Presently pending before the Court is a petition for federal habeas corpus relief filed by *pro se* Petitioner Tavish Goddard, an inmate in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner has not paid the $5.00 filing fee or moved to proceed *in forma pauperis*. Petitioner is therefore **ORDERED** to either pay the $5.00 filing fee or move to proceed *in forma pauperis* by filing "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." R. 3(a)(2), Rules

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named Tyrone Oliver and the Georgia Diagnostic and Classification Prison ("GDCP") as Respondents in this action. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the GDCP, and the warden of that facility is Jacob Beasley. Therefore, the Court has corrected the style of this case to show Jacob Beasley as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

Governing § 2254 Cases.  The Clerk of Court is **DIRECTED** to forward the appropriate financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order.

The Court also needs additional information before it can process the petition for writ of habeas corpus.  It is unclear whether Petitioner has exhausted available state remedies.  Before a petitioner can bring a federal habeas petition he must exhaust available state remedies.  28 U.S.C. § 2254(b)-(c); *Pope v. Rich*, 358 F3d 852, 853 (11th Cir. 2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).  To properly exhaust, Petitioner must have presented his claims to the highest court in the state, either on direct appeal or state collateral review.  The state courts must be given one full round of appellate review of the grounds for relief, even if the review in the state supreme court is discretionary. *Pope*, 358 F.3d at 854 (citations omitted) (holding that a petitioner fails to "exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition").

On the Court's standard § 2254 form, Petitioner indicated that he did not appeal from his conviction or file any petition, application, or motion related to his conviction in any state or federal court.  *See* ECF No. 1 at 1-2.  Petitioner must therefore supplement his petition with information describing the efforts he has made to exhaust his state remedies in this case.  To the extent possible, Petitioner should identify the specific courts in which he filed any appeals, petitions, motions, or other such documents related to his convictions; the dates he filed such documents; the results of any such filing or related proceeding; and

the dates he received any such results.  Petitioner should ensure that his supplement is marked with the case number for this case.

Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* and (2) supplement the Petition to include information regarding the exhaustion requirement in accordance with the Court's instructions above.  Petitioner is also directed to inform the Court immediately and in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order.

**SO ORDERED**, this 12th day of September, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge